THE VILLAGE OF OAKWOOD HILLS, Plaintiff-Appellee, *v.* SAMUEL J. DIAMOND, Defendant-Appellant.

Second District   No. 2—83—0607

Opinion filed June 21, 1984.—Rehearing denied July 29, 1984.

David C. LeSueur, of Samuel J. Diamond & Associates, of McHenry, for appellant.

Regina F. Narusis, of Narusis & Narusis, of Cary, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

On November 12, 1982, at approximately 9:40 p.m., the defendant, Samuel J. Diamond, was charged with the offense of speeding in violation of village of Oakwood Hills, Ordinance No. 166-170-3-21A (1979). He had been traveling west on Rawson Bridge Road near the intersection of Rawson Bridge Road and Woody Way in the village of Oakwood Hills, McHenry County. The area east of the village limits is unincorporated and has a posted speed limit of 45 miles per hour. A speed limit sign reducing the speed to 25 miles per hour is located at the entrance of the village on Rawson Bridge Road in the direction of defendant's travel. The police officer clocked the defendant's speed on radar at 46 miles per hour in the 25 miles-per-hour zone, and the defendant was issued a traffic citation for speeding. The defendant was clocked more than 500 feet beyond the first speed limit sign for 25 miles per hour in his direction of travel.

Prior to trial the defendant filed a motion to dismiss alleging that the ordinance establishing a 25 miles-per-hour speed zone was invalid in that it did not comply with Illinois law in three respects. First, the defendant claimed that the municipal ordinance was in violation of section 11—604 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—604), which states that "the difference in limit between adjacent altered speed zones shall not be more than 10 miles per

hour." Secondly, the defendant claimed that the village failed to conduct proper engineering or traffic studies as provided for by statute as a basis for altering the speed zone (Ill. Rev. Stat. 1983, ch. 95½, par. 11—604). Thirdly the defendant claimed that the sign posting the speed zone is improper under Illinois law in that the sign declaring the first 25 miles-per-hour speed limit at the east end of the village limits is posted together with two other signs. The Illinois Department of Transportation's Policy on Establishing and Posting Speed Limits (1977), states in chapter 6—1—a(7), "No sign in the speed limit (R1) series shall be mounted on the same post as another sign, except that the basic speed limit sign (R2-1) may be mounted below the town name sign ***." The defendant's motion was heard by the court and denied as was his motion to reconsider.

At the subsequent trial before a jury, the defendant's wife testified that as they traveled west on Rawson Bridge Road she saw the village limit sign but the speed limit sign for 25 miles per hour was not visible at night. On cross-examination she stated that there was a street light at the intersection of Hilltop Road and Rawson Bridge Road. The defendant also testified that he saw no speed limit sign before the officer stopped him. The defendant further stated that he went back and drove the road again a number of times and that the speed limit sign did not reflect properly. However, on cross-examination the defendant stated that after he drove back on the same road, he did observe the speed limit sign for 25 miles per hour at the village limits while at a distance of about 40 feet before the sign. He also testified that it was a clear night with good visibility, there was nothing unusual about the speed sign, it was the top sign on the post and there were street lights operating at the village limits. The defendant's wife testified that she did observe the 25 miles-per-hour sign when they went back and that the sign was visible to her some 25 feet away.

The jury found the defendant guilty and assessed a fine of $100 plus costs.

On appeal, the defendant presents these issues: (1) whether the trial court erred in denying defendant's motion to dismiss; (2) whether the trial court erred in preventing defendant's attorney from arguing to the jury that the speed limit sign in question did not properly reflect and that it was not plainly visible at night.

■ The defendant filed a section 2—619(a)(9) motion to dismiss (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9)), asserting that an affirmative matter avoided the legal effect of the claim against him. Specifically, the defendant argues that the speed sign was improperly

posted in violation of section 11—604 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—604). The motion was supported by affidavit. Having heard the arguments, the trial court denied the motion, and in response to the defendant's motion to set forth specific findings, the court stated in its order "Defendant is hereby precluded from raising any issue relating to the establishment, posting or alteration of the speed limit he is charged with violating."

The defendant takes issue with the fact that the plaintiff filed no motion or other pleadings responding to his motion to dismiss and presented no affidavits controverting the facts alleged in the defendant's supporting affidavit. Therefore, he argues that the court had no basis on which it could deny the motion.

Contrary to the defendant's allegation, the court did have a proper basis for denying the motion in that the defendant was not asserting any disputed factual matter, as he appears to allege, but rather a matter of law upon which the court properly ruled. An examination of the defendant's affidavit reveals that the statements contained therein are not factual matters in dispute. The defendant is arguing only the legal effect of the undisputed facts. Therefore, the court's ruling was a matter of law and was proper. Since the defendant's motion concerned only a matter of law, the court disposed of the motion on its merits pursuant to section 2—619(d) of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(d)). Under the court's ruling the defendant was properly precluded from raising any issue relating to the establishment, posting or alteration of the speed limit thereafter.

■■ Although we conclude that the trial court acted properly pursuant to its ruling, it is our opinion that the court was in error in its interpretation of the law as it applied to the facts of this case. It is established that where there is a State law relating to a subject, an exercise of police power by a municipality must be in harmony with such law. (*Montgomery v. City of Galva* (1969), 41 Ill. 2d 562; *Village of Cherry Valley v. Schuelke* (1977), 46 Ill. App. 3d 91.) Section 11—207 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—207) provides in part: "Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this Chapter, ***." Therefore, although the village of Oakwood Hills had authority to regulate the speed limits within its jurisdiction and under its delegated authority (Ill. Rev. Stat. 1983, ch. 95½, pars. 11—208 and 11—211; Ill. Rev. Stat. 1983, ch. 24, par. 11—40—1), such authority had to be exercised within the confines of statutory limitations. (*Kizer v. City of Mattoon* (1928), 332 Ill. 545.) Ac-

cording to section 11—208(a)(10) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—208(a)(10)), local authorities may alter speed limits as authorized in section 11—604 where it states:

"Whenever any such local authority or park district determines, upon the basis of an engineering or traffic investigation concerning a highway or street on which it is authorized by this Section to establish speed limits, that a maximum speed limit prescribed in Section 11—601 of this Chapter is greater or less than is reasonable or safe with respect to the conditions found to exist at any place or along any part or zone of such highway or street, the local authority or park district shall determine and declare by ordinance a reasonable and safe absolute maximum speed limit at such place or along such part or zone * * *.

* * *

The local authority or park district may make such limit applicable at all times or only during certain specified times. Not more than 6 such alterations shall be made per mile along a highway or street; and the difference in limit between adjacent altered speed zones *shall not be more than 10 miles per hour.*" (Emphasis added.) Ill. Rev. Stat. 1983, ch. 95½, par. 11—604.

■■ The plaintiff argues that since the 45 miles-per-hour zone preceding the village limits was not within its jurisdiction, it was not subject to the provisions of the Illinois Vehicle Code. Defendant's point is well taken that the statute indicates no exceptions for alterations between various jurisdictions, and plaintiff cites no authority for this proposition. The interpretation and construction of statutory provisions is governed by the rule that the intention of the legislature should be ascertained and given effect. Legislative intent should be sought primarily from the language used in the statute. In the present case, the language is certain and unambiguous, and in such a case it is never proper for a court to depart from plain language by reading into a statute exceptions, limitations, and conditions which conflict with the legislative intent. (*Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358; *Dienes v. Holland* (1978), 64 Ill. App. 3d 109.) As defendant states, it would appear that the provision in question was placed in the statute in an effort to allow a motorist to adjust his speed within a reasonable period of time. Although the court did not state any findings of fact as the basis for its ruling, our reading of the statute indicates that the ordinance in question was invalid since it was contrary to the intent of the legislature and the public policy so expressed. Since the 25 miles-per-hour speed sign

therefore had no legal effect, the defendant's conviction is reversed.

Our determination of this issue obviates the necessity of dealing with the second issue presented.

The judgment of the circuit court of McHenry County is reversed for the reason that the posted 25 miles-per-hour speed sign was invalid as a matter of law.

Judgment reversed.

HOPF and NASH, JJ., concur.