BENNIE H. HELLAND *et al.*, Plaintiffs-Appellants, v. GERALD W. LAR-SON, Defendant-Appellee.

Third District No. 3—84—0180

Opinion filed October 30, 1985.

Paul E. Root, of Gomien, Root & Masching, of Morris, for appellants.

Diane L. Yohnka, of Hynds & Rooks, of Morris, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiffs, Bennie H. Helland and Alvin C. Helland (owners), appeal from an order dismissing their complaint against the defendant, Gerald Larson (tenant), for failure to state a cause of action. The basic issue on appeal is whether the defendant, a year-to-year tenant of farmland, received adequate notice of the owners' intent to terminate his tenancy of the farmland. The owners argue that they complied in good faith with all of the statutory requirements involving the termination of the defendant's tenancy. Consequently, the owners contend that the trial court erred in dismissing their complaint for declaratory judgment. We reverse and remand.

On January 3, 1983, the owners purchased the farmland from Alice Long and Albert Carter. At the time of purchase, the tenant was in possession of the land for farming purposes. The tenant had first entered into possession of the farmland under the terms of a farm lease dated March 10, 1977. By its terms, the lease terminated

on March 1, 1978. After this date, the tenant remained in possession of the premises as a year-to-year tenant of farmland. ·

Prior to November 1, 1983, one of the owners orally advised the tenant that his tenancy of the farmland would be terminated on February 28, 1984. The tenant was also informed at this time that a written notice of termination would be mailed to him.

On October 27, 1983, the owners deposited with the United States Postal Service a certified letter addressed to the tenant with return receipt requested. This certified letter contained the notice of termination. On October 28, 1983, the Postal Service notified the tenant that a certified letter was to be delivered to him. The tenant, however, did not pick up the letter at the post office.

The owners filed a complaint for declaratory judgment against the tenant on November 28, 1983. The trial court granted the tenant's motion to dismiss, finding that the owners failed to give proper notice to the tenant under section 9—211 of the Forcible Entry and Detainer Act which requires a returned receipt from the addressee. (Ill. Rev. Stat. 1983, ch. 110, par. 9—211.) The court further found that the owners failed to comply with this statutory provision regarding proper notice "due to [tenant's] refusal to accept delivery of the certified letter." The owners filed the instant appeal.

The termination of a year-to-year tenancy of farmland is governed by section 9—206 of the Code of Civil Procedure, which states that the notice to quit "shall be given in writing not less than 4 months prior to the end of the year of letting." (Ill. Rev. Stat. 1983, ch. 110, par. 9—206.) The purpose of this time period is to give the tenant adequate notice so that he may obtain other land to farm and avoid unnecessary financial expenditures on the subject farmland.

The procedure to be followed in notifying the tenant of the termination of his tenancy is described in section 9—211 of the Code:

"Any demand may be made or notice served by delivering a written or printed, *** copy thereof to the tenant, or by leaving the same with some person of the age of 13 years or upwards, residing on or in possession of the premises; or by sending a copy of the notice to the tenant by certified or registered mail, with a returned receipt from the addressee; and in case no one is in the actual possession of the premises, then by posting the same on the premises." Ill. Rev. Stat. 1983, ch. 110, par. 9—211.

The owners in the instant case contend that they attempted in good faith to comply with the statutory requirements of proper notice of termination. The owners further assert that the tenant refused de-

livery of the certified letter because he knew the contents of the letter. The owners conclude, therefore, that the tenant's conduct gave rise to a constructive receipt of the notice, thereby negating the statutory requirement of a "returned receipt from the addressee."

■ The interpretation and construction of statutory provisions is generally governed by the rule that legislative intent should be ascertained primarily from the language used in the statute. When the language is certain and unambiguous, it is not proper for a court to depart from the plain meaning by reading into the statute exceptions, limitations, and conditions which conflict with the legislative intent. *Village of Oakwood Hills v. Diamond* (1984), 125 Ill. App. 3d 58, 465 N.E.2d 662.

Such an approach to statutory construction was utilized in *Avdich v. Kleinert* (1977), 69 Ill. 2d 1, 370 N.E.2d 504, wherein the court was presented with a fact situation similar to the case at bar. There the issue in dispute concerned the termination of a written lease following a five-day demand for rent under the applicable statute (now Ill. Rev. Stat. 1983, ch. 110, par. 9—209). The court held that a statutory five-day notice was not served until received by the tenant of a residence:

> "The apparent purpose of the returned receipt is to facilitate proof of service on the tenant, and, in our opinion, the inclusion of this provision in the statute clearly indicates a legislative intent that service of a notice by certified mail is not to be considered complete until it is received by the addressee." (*Avdich v. Kleinert* (1977), 69 Ill. 2d 1, 9, 370 N.E.2d 504, 508.)

The court concluded that actual receipt of the notice was necessary under the statute and that depositing the notice in the mail was insufficient.

■ The facts of the instant case dictate that we rely on the more compelling principle of statutory construction that judicial interpretation should not result in absurd conclusions or manifest injustice. (*People ex rel. Cason v. Ring* (1968), 41 Ill. 2d 305, 242 N.E.2d 267.) A literal reading of section 9—211 would force this court to countenance the tactics of the tenant and frustrate the practice of service by certified mail.

■■ Contrary to the tenant's assertions, *Avdich* is not an imprimatur for evasion and subterfuge. There, the return of a receipt for the five-day demand notice was impossible because defendant was out of the country at the time of service. Physical receipt was thus impossible. Consequently, the court had no occasion to consider the concept of constructive receipt. While no Illinois cases have explicitly adopted this doctrine, other State courts have held that where a potential re-

cipient is aware that the postal service is holding a certified letter for him and he refuses to accept it, he is held to be in constructive receipt of the letter for purposes of statutory notice. (*McIntee v. Department of Public Safety* (Minn. 1977), 279 N.W.2d 817; *Hankla v. Governing Board* (1975), 46 Cal. App. 3d 644, 120 Cal. Rptr. 827.) This doctrine is eminently reasonable and necessary to prevent statutory frustration by means of lockstep literalism.

■ The doctrine is particularly applicable to the instant case. In the *McIntee* and *Hankla* opinions, it is not altogether clear whether the recipients were aware of the contents of the certified letters (although it is probably the case that they were). Here, the owners alleged that the tenant was aware that he would be sent a notice of termination. Since we must accept as true the allegations of the complaint and all reasonable inference therefrom (*DeBolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 371 N.E.2d 373), the tenant knew that the certified letter contained a notice of terminating his tenancy. Under these circumstances, the tenant may be deemed to be in constructive receipt of the notice of termination.

Accordingly, we hold that the owners' complaint did not fail to state a cause of action. The judgment of the circuit court of Grundy County is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY and STOUDER, JJ., concur.