FEDERAL LAND BANK OF ST. LOUIS, Plaintiff-Appellee, v. WILLIS D. BERGMANN *et al.*, Defendants-Appellants.

Fifth District   No. 5—87—0795

Opinion filed November 14, 1989.

Jerold W. Barringer, P.C., of Carlinville (Jerold W. Barringer, of counsel), for appellants.

William W. Austin and Todd E. Schum, both of Parker, Siemer, Austin, Resch & Resch, of Effingham, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

The Federal Land Bank filed a complaint to foreclose its mortgage lien upon real estate owned by Willis and Helen Bergmann on June 18, 1987. On October 28, 1987, the Federal Land Bank filed a motion to place mortgagee in possession of the mortgaged premises and a notice of hearing. The following day the Bergmanns filed a motion to dismiss the complaint, alleging as grounds that the complaint was wholly insuf-

ficient as a matter of law. A hearing on the motion to dismiss was set for November 5, 1987. On November 3, 1987, the Bergmanns filed a motion to strike the Federal Land Bank's petition for mortgagee in possession. As grounds for the motion to strike, the Bergmanns argued that the complaint is based on section 15—301 *et seq.* of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 15—301 *et seq.*), that the statute was repealed on July 1, 1987, and in its place was enacted section 15—1701 *et seq.* (Ill. Rev. Stat. 1987, ch. 110, par. 15—1701 *et seq.*). In their motion to strike, the Bergmanns argued that since the Federal Land Bank's petition was filed subsequent to the effective date of section 15—1701, the petition for mortgagee in possession must be stricken.

On November 4, 1987, the Bergmanns filed a motion to continue the November 5, 1987, hearing on the motion to dismiss the Federal Land Bank's complaint. On November 5, 1987, the court granted the motion to continue over the Federal Land Bank's objection. At the November 5, 1987, hearing the court inquired of counsel for each party as to a convenient date to reschedule the hearing on the motion to dismiss. The hearing was reset for November 19, 1987. The court granted counsel a continuance on the hearing on the petition to place mortgagee in possession, rescheduling the hearing for November 19, 1987. On November 19, 1987, the court heard arguments on the Bergmanns' motion to strike the motion to place mortgagee in possession and denied the motion. The court asked counsel if they were ready to proceed to hearing on the petition to place mortgagee in possession. Counsel for the Bergmanns orally objected, arguing that since his motion to strike was denied, he should be given a reasonable opportunity to respond to the merits of the petition.

On November 17, 1987, the Bergmanns filed a second motion to strike the Federal Land Bank's petition. This motion stated that the petition should be stricken because it is not verified and because it does not meet the specific pleading requirements of a mortgagee in possession petition as mandated by statute. At the hearing on November 19, 1987, the court heard arguments on the motion to strike and denied the motion. The court also denied the Bergmanns' motion to dismiss which had been previously filed. Despite a request for continuance and strenuous objection by counsel for the Bergmanns to proceeding on the merits, the court proceeded to hearing on the petition to place mortgagee in possession. An order was entered on November 19, 1987, granting the Federal Land Bank's petition. The Bergmanns filed a notice of appeal on November 25, 1987.

We are asked to consider three issues on appeal. The first is

whether the court erred in denying the Bergmanns additional time within which to respond to plaintiff's petition for mortgagee in possession after the court denied the Bergmanns' second motion to strike. The second and third issues concern whether the court erred in denying the Bergmanns' motions to strike.

We first address the question of whether the court erred in denying the Bergmanns additional time to respond to plaintiff's petition. The Bergmanns rely heavily on the case of *Olympic Federal v. Witney Development Co.* (1983), 113 Ill. App. 3d 981, 447 N.E.2d 1371, in support of their position. In *Olympic* the plaintiff-mortgagee brought foreclosure proceedings against Witney Development Company, Inc., and filed a motion to place mortgagee in possession. Defendant moved to strike the motion on grounds that it was substantially insufficient as a matter of law. The court by order gave the plaintiff 14 days to amend the motion and granted the defendants seven days to respond to it. The plaintiff filed an amended motion to be placed in possession, and the defendants countered by supplementing their motion to strike. The court denied the motion to strike and denied the defendant's request to respond to or answer the plaintiff's amended motion. The court subsequently entered an order placing the plaintiff in possession.

The court of review reversed, stating that the court's order denying the motion to strike was simply a determination that the plaintiff's motion was legally sufficient and that the defendants should have had an opportunity to respond to the merits of the motion. *Olympic*, 113 Ill. App. 3d at 987, 447 N.E.2d at 1376.

In the case at bar the Bergmanns were granted a continuance at the November 5, 1987, hearing to argue their objections to plaintiff's petition to place mortgagee in possession. The court specifically advised the parties that it was resetting the hearing on the motion to dismiss for November 19, 1987, and that the hearing on plaintiff's petition to place mortgagee in possession would "be set the same time the other matter is set, 19th at 10 A.M.." Unlike the instant case, it is unclear whether in *Olympic* the defendants knew that the motion to place in possession was going to be heard on the same date that argument on the motion to strike was heard.

In the case at bar, although the Bergmanns did not file a written answer to plaintiff's petition, they were given the opportunity to orally respond to the merits of the petition at the November 19, 1987, hearing. The *Olympic* court did not allow defendants the opportunity to respond either in writing or orally. We find *Olympic* to be factually distinguished from the instant case, and furthermore, we do not read *Olympic* as requiring trial courts to grant continuances on hearings on

the merits of a pleading whenever a motion to strike has been denied. Such a rule could conceivably invite a party to file an endless parade of motions to strike in an effort to forestall a decision on the merits.

■ It would appear that the Bergmanns' motion for continuance of the hearing on the plaintiff's petition constituted a motion under Illinois Supreme Court Rule 183 (107 Ill. 2d R. 183). A close scrutiny of the record in this case convinces us that the trial judge did not exercise his discretion capriciously or arbitrarily. Furthermore, the Bergmanns were not deprived of due process, the essence of which is notice and an opportunity to be heard. They were given both. We do not find that the Bergmanns were unfairly denied a continuance on November 19, 1987, particularly in view of the fact that the court had specifically set that date in response to their request for additional time to respond to plaintiff's petition. Under these circumstances we find that it was within the court's discretion to deny the Bergmanns additional time to respond to plaintiff's petition.

We next address the issue of whether the trial court erred in denying the Bergmanns' motions to strike. The first motion to strike filed by the Bergmanns alleges that the Federal Land Bank's petition for mortgagee in possession expressly states that it is based on section 15—301 *et seq.* of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 15—301 *et seq.*); that the statute was repealed on July 1, 1987, and replaced by section 15—1701 *et seq.* (Ill. Rev. Stat. 1987, ch. 110, par. 15—1701 *et seq.*), and that since the petition was filed on October 28, 1987, the petition must be stricken and refiled under the new statute. It is the Federal Land Bank's position that the court properly allowed it to proceed under the repealed statute since the initial complaint to foreclose was filed prior to repeal of the old law. Defendants argue that since the law does not compel a mortgagee to exercise the right to seek mortgagee in possession (see *Marcon v. First Federal Savings & Loan Association* (1978), 58 Ill. App. 3d 811, 814, 374 N.E.2d 1028, 1030), the fact that the complaint to foreclose was filed prior to repeal of section 15—301 *et seq.* is irrelevant. Defendants assert that the petition to place mortgagee in possession, being separate and apart from the complaint to foreclose, should have been filed under the new statute.

■ On November 23, 1987, there went into effect section 15—1106(f) of the Code of Civil Procedure. That section provides in part:

"(f) Pending Actions. A complaint to foreclose a mortgage filed before July 1, 1987, and all proceedings and third party actions in connection therewith, shall be adjudicated pursuant to the Illinois statutes and applicable law in effect immediately

prior to July 1, 1987." (Ill. Rev. Stat. 1987, ch. 110, par. 15—1106(f).)

Although the effective date of this statute is subsequent to the date of the filing of the motion to place the mortgagee in possession, we find this section applicable to the case at bar.

■ The cardinal rule of statutory construction, to which all other rules of construction are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature. (*People v. Hudson* (1970), 46 Ill. 2d 177, 181, 263 N.E.2d 473, 476; *People ex rel. Cason v. Ring* (1968), 41 Ill. 2d 305, 310, 242 N.E.2d 267, 270; *Electrical Contractors Association of the City of Chicago, Inc. v. Illinois Building Authority* (1966), 33 Ill. 2d 587, 591-92, 213 N.E.2d 761, 763; *Board of Education v. Brittin* (1957), 11 Ill. 2d 411, 414, 143 N.E.2d 555, 557.) In determining legislative intent, courts should first consider the statutory language. Where the language is clear and unambiguous, courts will not read into the statute exceptions, limitations and conditions. *Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358, 363, 389 N.E.2d 151, 153; *Helland v. Larson* (1985), 138 Ill. App. 3d 1, 4, 485 N.E.2d 457, 459; *Village of Oakwood Hills v. Diamond* (1984), 125 Ill. App. 3d 58, 62, 465 N.E.2d 662, 665.

The language of section 15—1106(f) clearly indicates that the legislature intended this section to apply to all complaints filed prior to July 1, 1987. We agree with the plaintiff's proposition that the legislature enacted this section to clarify the query whether to apply the mortgage foreclosure law in effect prior to July 1, 1987, or to apply the law of mortgage foreclosure made effective July 1, 1987, as to mortgage foreclosure proceedings filed prior to July 1, 1987. In construing a statute, the court must assume that the legislature did not intend an absurd result. (*People v. Steppan* (1985), 105 Ill. 2d 310, 316, 473 N.E.2d 1300, 1303, citing *Illinois Crime Investigating Comm'n v. Buccieri* (1967), 36 Ill. 2d 556, 561, 224 N.E.2d 236, 240.) If section 15—1106(f) were not intended to be applied retroactively, then that section would have no meaning. Section 15—1106(f) by its very language applies to complaints filed nearly five months prior to its effective date. No actions filed after the July 1, 1987, effective date of the new mortgage foreclosure law will be affected by section 15—1106(f). As to complaints filed prior to July 1, 1987, section 15—1106(f) clearly provides that all proceedings in connection with said complaint, notwithstanding their filing date, shall be adjudicated under the law in effect prior to July 1, 1987. It is for this reason we find section 15—1106(f) to have retroactive application.

■■ Defendants have argued that section 15—1106(f) cannot be

applied retroactively since it affects substantive rights. It is true that the operation of a procedural rule can affect the assertion of a right, and when the effect of a new procedural rule on its effective date is to destroy a right, the statute or amendment creating the right is not to be applied retrospectively. (*Golden v. Holaday* (1978), 59 Ill. App. 3d 866, 870, 376 N.E.2d 92, 96, citing *Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 184, 193, N.E.2d 844, 848.) However, the presumption of prospectivity does not apply to changes in procedure or remedies. (*Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303, 310, 522 N.E.2d 1195, 1199, citing *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390, 415 N.E.2d 1034, 1041-42.) In the instant case, section 15—1106(f) did not destroy or affect an existing right. Section 15—1106(f) merely clarified the application of the new mortgage foreclosure law effective July 1, 1987, which is really the substantive amendatory act embodied in section 15—1701 *et seq.* of the Illinois Code of Civil Procedure. For those mortgage foreclosure complaints filed prior to July 1, 1987, the old mortgage foreclosure law applies to said complaints and all proceedings connected therewith. (Ill. Rev. Stat. 1985, ch. 110, par. 15—301 *et seq.*) We therefore find that the trial court properly denied the defendants' motion to strike filed November 3, 1987.

Our final issue for review concerns the propriety of the trial judge denying the Bergmanns' motion to strike filed November 17, 1987. That motion challenges the legal sufficiency of the petition to place mortgagee in possession for two reasons. First it alleges that the petition is statutorily insufficient since there is no affidavit attached. The motion to strike also alleges that the plaintiff's petition makes no specific allegations which the defendants can specifically deny or admit, and therefore, should be stricken.

■ Section 15—303 of the Code of Civil Procedure provides in part:

> "[T]he court may, upon written application by the mortgagee, supported by affidavit, sworn petition or sworn pleading *** enter an order placing in possession of the mortgaged premises the mortgagee ***." (Ill. Rev. Stat. 1985, ch. 110, par. 15—303.)

Plaintiff's petition to place mortgagee in possession makes reference to plaintiff's verified complaint as including a description of the mortgaged premises to which plaintiff seeks possession. Plaintiff's petition also includes an allegation which states that plaintiff "realleges paragraph 4 of its complaint." Plaintiff's complaint to foreclose is itself a sworn pleading. Where statutory language is clear and unambiguous, courts will not read into the statute exceptions, limitations and condi-

tions. (*Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358, 363, 389 N.E.2d 151, 153; *Helland v. Larson* (1985), 138 Ill. App. 3d 1, 4, 485 N.E.2d 457, 459; *Village of Oakwood Hills v. Diamond* (1984), 125 Ill. App. 3d 58, 62, 465 N.E.2d 662, 665.) Section 15—303 clearly provides that all that is required is that the petition to be placed in possession be *supported* by affidavit, sworn petition or sworn pleading. Such was done in the instant case; therefore, the trial court properly denied the Bergmanns' motion to strike on this ground.

■ The Bergmanns' contention that the trial court should have stricken plaintiff's petition because it made no specific allegations which the Bergmanns could specifically admit or deny is also without merit. Pleadings are to be liberally construed with a view to doing substantial justice between the parties. (*Wolcowicz v. Intercraft Industries Corp.* (1985), 133 Ill. App. 3d 157, 160, 478 N.E.2d 1039, 1041; Ill. Rev. Stat. 1987, ch. 110, par. 2—603(c).) No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet. *Anixter Brothers, Inc. v. Central Steel & Wire Co.* (1984), 123 Ill. App. 3d 947, 954, 463 N.E.2d 913, 918, citing *People ex rel. Scott v. College Hills Corp.* (1982), 91 Ill. 2d 138, 145, 435 N.E.2d 463, 472; Ill. Rev. Stat. 1987, ch. 110, par. 2—612(b).

■ In the instant case, in support of plaintiff's petition to place mortgagee in possession, plaintiff's petition stated "that it realleges paragraph 4 of its complaint as and for paragraph 1 of this motion," and "that there is a reasonable probability that the plaintiff will prevail on final hearing." Paragraph 4 of plaintiff's complaint included 17 subparts, detailing the alleged status of the mortgage at issue. Included in paragraph 4 were allegations regarding the date of mortgage; the names of the mortgagors; the amount of indebtedness due the mortgagee; and the purported default of the mortgagors. Each of the allegations was clearly delineated and intelligible, and we find that as to each of them defendants could have admitted or denied their veracity. The lower court, therefore, correctly denied the Bergmanns' motion to strike.

For the reasons stated, we affirm the orders of the trial court.

Affirmed.

WELCH, P.J., and HOWERTON, J., concur.