FARM CREDIT BANK OF ST. LOUIS, Plaintiff-Appellee, v. HERSCHEL L. SCHWARM, Defendant-Appellant (Amber J. Schwarm *et al.*, Defendants).

Fifth District   No. 5—93—0054

Opinion filed October 18, 1993.

Herschel L. Schwarm, of Loogootee, appellant *pro se.*

William W. Austin and William B. Totten, both of Parker, Siemer, Austin & Resch, of Effingham, for appellee.

JUSTICE MAAG delivered the opinion of the court:

Herschel L. Schwarm appeals from a judgment evicting him from his farm and granting possession of it to the Farm Credit Bank of St. Louis and from an order denying his motion to modify the judgment and motion to vacate the judgment. Schwarm asserts (1) that he was denied due process by the trial court when the bank's motion for judgment was heard on insufficient notice; (2) that the plaintiff lacked authority to use the courts of Illinois because it did not present proof that it qualified under State law to transact business and sue in State court; (3) that the trial court committed certain procedural errors in entering the foreclosure judgment against him; and (4) that the application of the Illinois Mortgage Foreclosure Law effective July 1, 1987, to the foreclosure of his mortgage, which predated the enactment, unconstitutionally impaired his rights of redemption. (See 735 ILCS 5/15—1101 *et seq.*) We disagree.

On February 8, 1983, Herschel and Amber Schwarm executed a $43,000 promissory note with interest payable at 12% to the Federal Land Bank of St. Louis and a real estate mortgage securing the note. Federal Land Bank of St. Louis was succeeded in interest by Farm Credit Bank of St. Louis (FCB). (See section 401(a) of the Agricultural Credit Act of 1987, Pub. L. 100—233, codified at 12 U.S.C.A. §2011 *et seq.* (West 1989).) In 1987, following a failure to make timely payments, the Schwarms reamortized the loan at a reduced rate of 10.5%. The new term ran from December 1, 1988, through November 30, 1991, and extended the maturity date of the loan. As a result, the original mortgage foreclosure action was voluntarily dismissed.

The Schwarms again defaulted, and on April 22, 1992, FCB sued the Schwarms in the circuit court of Fayette County to foreclose the mortgage.

On September 28, 1992, FCB and the Schwarms entered into an agreement granting the Schwarms additional forbearance from fore-

closure for a period of 60 days. This agreement included a provision that in exchange for the FCB's forbearance, the Schwarms, *inter alia*, waived any and all defenses, offsets, or counterclaims to the FCB's foreclosure or enforcement of the loan documents.

The Schwarms failed to fulfill the terms of the agreement, and on December 23, 1992, the Bank moved for a judgment of foreclosure and gave notice to the defendants that a hearing would be conducted on the motion for judgment on "December 31, 1993 [*sic*]."

On December 29, 1992, Herschel Schwarm (defendant) filed a pleading entitled an "answer in abatement." It asserted that the trial court of Fayette County lacked subject matter jurisdiction, that the plaintiff was not entitled to maintain the action in a State court, and that the plaintiff was a *nul tiel* corporation and thus lacked the capacity to bring the action in State court.

On December 31, 1992, the bank filed an affidavit in support of its motion for judgment. This affidavit incorporated a statement of indebtedness and the agreement of September 28, 1992. The note and mortgage were also entered into evidence at the hearing.

The court heard argument on the defendant's answer in abatement and ordered it stricken. At the same time, the court granted the bank's motion for judgment and entered a judgment of foreclosure.

On January 13, 1993, the defendant filed a motion to vacate the court's December 31, 1992, judgment of foreclosure. He also filed a motion to modify the judgment of foreclosure. These motions were heard and denied on January 21, 1993. Herschel Schwarm appeals.

Initially, we note that the defendant has failed to provide a complete record on appeal. No transcripts of the December 31, 1992, and January 21, 1993, hearings have been provided despite the fact that a court reporter attended. It is the duty of the appellant to present a complete record to the reviewing court, so that the court may be fully informed about the issues that it must resolve. In the absence of such a record, it is presumed that the circuit court acted properly and that the evidence supported its rulings. (*Kim v. Evanston Hospital* (1992), 240 Ill. App. 3d 881, 888, 608 N.E.2d 371, 375.) Any doubts arising from an incomplete record on appeal must be resolved against the appellant. *People v. Woidtke* (1992), 224 Ill. App. 3d 791, 806, 587 N.E.2d 1101, 1112.

■■ Defendant asserts that he was denied due process because the notice of the December 31, 1992, hearing on the bank's motion for judgment erroneously stated that the hearing would be held December 31, 1993. He does not assert that he was in any way prejudiced by this scrivener's error but merely maintains that the notice was

"not adequate to declare Judgment [*sic*] by default on December 31, 1992."

The complaint for foreclosure of the defendant's mortgage was filed April 22, 1992, with personal service on the Schwarms on April 24, 1992. Neither the defendant nor his wife answered the complaint or otherwise appeared within 30 days after service as required by Supreme Court Rule 181(a). (134 Ill. 2d R. 181(a).) At the time defendant filed his answer in abatement, he had been in default for eight months. Mrs. Schwarm has never entered an appearance in this cause. The plaintiff did notify the Schwarms that it intended to seek a default judgment and informed them of the place and time that hearing would take place. Defendant appeared in court at the proper time and place, as shown by the docket sheet in the common law record despite the incorrect date on his notice.

The notice which defendant received was sufficiently full and clear. (*Owens v. Second Baptist Church* (1987), 163 Ill. App. 3d 442, 447, 516 N.E.2d 712, 715.) The record demonstrates that not only did defendant receive notice, albeit with a typographical error, he filed a motion in response to it. (See *Owens*, 163 Ill. App. 3d at 447, 516 N.E.2d at 716.) The record is devoid of any indication that the defendant either objected to the form of the notice or suffered any prejudice as a result of the technical defect in it. His arguments regarding this issue are without merit.

■ Defendant argues that the bank lacked authority to bring a cause of action in the circuit court of Fayette County. He states that the court erred because it did not require the bank to produce evidence of its legal capacity to sue in response to the defendant's claim that the bank was a *nul tiel* corporation. We disagree.

Farm credit banks are federally chartered instrumentalities of the United States. (12 U.S.C.A. §2011 (West 1989).) Each farm credit bank is a "body corporate" and has the power to both sue and be sued. (12 U.S.C.A. §2013(4) (West 1989).) The Farm Credit System includes the Farm Credit Banks, the Federal Land Banks Associations, the Production Credit Associations, the Banks for Cooperatives, and such other institutions as may be made a part of this system, all of which are chartered by and subject to regulation by the Farm Credit Administration. (12 U.S.C.A. §2002(a) (West 1989).) The Farm Credit System is divided into Farm Credit Districts, designated by number. (12 U.S.C.A. §2002(b) (West 1989).) The States of Illinois and Missouri are in the seventh district of the Farm Credit System. Farm Credit Bank of St. Louis is located in Missouri, and the association bank through which the loan was originally negotiated was the Federal

Land Bank Association of Southeastern Illinois. Each Federal Land Bank Association is also a "body corporate," subject to the supervision of the Farm Credit Bank for the district. It is subject to the regulation of the Farm Credit Administration and has the power to sue and be sued. 12 U.S.C.A. §2093(4).

The North Dakota Supreme Court addressed the argument that farm credit banks are not authorized to sue in State court if they lack a certificate of authority to transact business in the State. It found that Federal Land Banks are federally chartered corporations and as such are not foreign corporations but have a legal existence in every State in which they may transact business pursuant to the authority conferred on them by Congress. (*Farm Credit Bank v. Rub* (N.D. 1992), 481 N.W.2d 451, 457.) This is but the most recent in a line of cases which reached a similar conclusion. (See *Federal Land Bank v. Felt* (S.D. 1985), 368 N.W.2d 592, 595 (and cases cited therein); *Federal Land Bank v. Gefroh* (N.D. 1986), 390 N.W.2d 46, 47.) We conclude that Farm Credit Bank is a federally chartered corporation and, as such, is not a foreign corporation under Illinois law. Therefore, it need not obtain a certificate of authority from the State to transact business or sue in Illinois.

■ Defendant's assertion that the trial court improperly struck his answer in abatement is without merit not only because of the foregoing discussion but because it was an unverified document. The bank's complaint for foreclosure was a verified complaint. Therefore, every subsequent pleading in that cause of action must also be verified. (735 ILCS 5/2—605 (West 1992).) If a complaint is verified, an unverified answer must be disregarded. Therefore, filing an unverified answer has the same effect as if no answer had been filed at all. (*Charter Bank v. Eckert* (1992), 223 Ill. App. 3d 918, 924, 585 N.E.2d 1304, 1309.) Defendant's answer in abatement was unverified and untimely. It was therefore appropriate that the trial court strike defendant's answer in abatement.

■ Defendant also argues that the trial court improperly granted the plaintiff's motion for judgment because the affidavit in support of the motion was not filed until the day of the hearing. He claims this deprived him of the chance to "check it for accuracy" prior to entry of the judgment. He does not, however, suggest how he was harmed by this action, nor does he claim the affidavit was inaccurate. He has cited no authority to demonstrate any error by the trial court in this regard. The claim is without merit. Additionally, the claim is waived due to defendant's failure to cite authority to support his argument as required by Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)).

*Holmstrom v. Kunis* (1991), 221 Ill. App. 3d 317, 325, 581 N.E.2d 877, 882.

■ Defendant also argues that after the court struck his answer in abatement, it improperly granted the bank's request for a default judgment without allowing defendant to answer or otherwise plead. (See 735 ILCS 5/2—1301(b) (West 1992).) We disagree with defendant's position. Section 2—1301(b) of the Code of Civil Procedure contemplates that any defense in abatement be filed in a timely fashion. An adverse determination on a defense would not preclude a defendant who has timely raised a defense in abatement from being allowed to answer or otherwise plead. Defendant in the case at bar failed to file an answer within 30 days of service of the complaint and summons. In fact, he did not file his answer in abatement until he had been in default for eight months.

A court may, in its discretion, set aside any default on motion filed within 30 days after the entry of the order. (See 753 ILCS 5/2—1301(e) (West 1992).) In the absence of a transcript of the hearing on motion to vacate the judgment order, we have no basis on which to determine whether the trial court abused its discretion in denying defendant's motion. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 394, 459 N.E.2d 958, 960.) The docket sheet entry by the trial court, denying defendant's motion to vacate the judgment and motion to modify the judgment of foreclosure, indicates that defendant was present, as was counsel for the bank, for the hearing on the pending motions. It must be presumed that the denial of the motion was in conformity with the law and was properly supported by the evidence. *Foutch*, 99 Ill. 2d at 394, 459 N.E.2d at 960.

Although the primary concern of the court in ruling on a motion for default judgment is to insure that substantial justice between the parties is achieved, the doing of substantial justice must also respect the rights of the plaintiff and other litigants whose case has merited the attention of the court. (*Wilkin Insulation Co. v. Holtz* (1989), 186 Ill. App. 3d 151, 155, 542 N.E.2d 157, 160.) Defendant failed to respond to the service of the complaint and summons in a timely fashion. The answer in abatement was filed many months after he was served with the complaint, apparently in response to the bank's motion for judgment on the complaint for foreclosure. Although defendant appeared *pro se*, a *pro se* litigant is not entitled to any special consideration and is required to comply with the rules of procedure. (*People v. Fowler* (1991), 222 Ill. App. 3d 157, 163, 583 N.E.2d 686, 691.) The trial court properly denied defendant's last-ditch effort to further protract the foreclosure proceedings.

■ Defendant's final claim is that the trial court improperly applied the redemption provisions governing mortgage foreclosures, which became effective July 1, 1987 (735 ILCS 5/15—1603 (West 1992)), to his indebtedness, which was incurred prior to that date. He maintains that he was entitled to application of redemption and sales statutes in effect on February 8, 1983. This was the date he signed his mortgage. He argues that the application of the statute in effect at the time of the default judgment, which provides for a shorter redemption period and other procedural changes, was improper. We disagree.

*Federal Land Bank v. Bergmann* (1989), 190 Ill. App. 3d 779, 546 N.E.2d 1171, held that those mortgage foreclosure complaints filed after July 1, 1987, were governed by the new law, despite the fact that the mortgages sought to be foreclosed were entered into prior to the effective date of the new law. This conclusion was based on the court's interpretation of section 15—1106 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 15—1106 (now 735 ILCS 5/15—1106 (West 1992)).) That section provides that in complaints for foreclosure filed after the July 1, 1987, effective date, the new law would apply. The Act was amended effective November 23, 1987, in response to concerns about foreclosures which were commenced prior to that effective date. (See, *e.g.*, Bender & Lindberg, *The Illinois Mortgage Foreclosure Law*, 76 Ill. B.J. 800 (1987).) This amendment provided that a complaint to foreclose a mortgage filed before July 1, 1987, and all proceedings and third-party actions in connection with such a complaint, were to be adjudicated pursuant to the Illinois statutes and applicable law in effect immediately prior to July 1, 1987. See Ill. Rev. Stat. 1987, ch. 110, par. 15—1106(f) (now 735 ILCS 5/15—1106(f) (West 1992)).

Defendant claims that the application of the 1987 amendments to mortgages entered into prior to that date constitutes a retroactive application of law which affects his substantive rights. We disagree. We noted in *Federal Land Bank v. Bergmann* that when application of a new procedural rule destroys a right, the statute or amendment affecting the right is not to be applied retrospectively. (*Federal Land Bank v. Bergmann*, 190 Ill. App. 3d at 785, 546 N.E.2d at 1175.) Here, however, the change embodied in the amended statute was procedural, and no one has a vested right in any particular procedure. (*Schuttler v. Ruark* (1992), 225 Ill. App. 3d 678, 685, 588 N.E.2d 478, 482.) In the absence of a savings clause, an amended statute may apply retroactively where the legislature so intended and where the statute affects the remedy or matters of procedure. (*In re Marriage*

*of Macino* (1992), 236 Ill. App. 3d 886, 889, 603 N.E.2d 105, 108.) By the explicit language of the statute, the procedures and remedies are to apply retroactively to instances such as the case at bar. The trial court properly applied the amended statute to the situation in the present case.

The orders of the trial court granting judgment for plaintiff, striking defendant's answer in abatement, and denying defendant's motion to vacate are affirmed.

Affirmed.

CHAPMAN, P.J., and LEWIS, J., concur.