BANK AND TRUST COMPANY, Plaintiff-Appellee, v. LINE PILOT BUNGEE, INC., as Trustee of, *et al.*, Defendants-Appellants (Jacquelyn Crispens *et al.*, Defendants).

Fifth District No. 5—00—0211

Opinion filed July 13, 2001.

Rick Verticchio, of Verticchio & Verticchio, of Gillespie, and Mark O. Stern, of Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield, for appellants.

Ronald L. Pallmann, of Gallop, Johnson & Neuman, L.C., of St. Louis, Missouri, for appellee.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Line Pilot Bungee, Inc., and Clifford D. Crispens (defendants) are two of seven defendants in a mortgage foreclosure action filed by Bank and Trust Company (plaintiff). A default judgment was entered against all seven defendants. The trial court denied defendants' motion to vacate the default judgment. Defendants contend that the trial court applied the wrong standard in determining the motion to vacate. We conclude that defendants are correct, and we reverse and remand for a rehearing on the motion.

The following is a timeline of the events that occurred in the foreclosure action. On September 10, 1999, plaintiff filed a complaint to foreclose two mortgages on commercial property. Seven defendants were named in the action, two of which are the defendants involved in this appeal. On September 27, 1999, these two defendants were served with summons. All other defendants in the foreclosure action were also served on or near that date. No one filed an answer or otherwise appeared before the court.

On December 22, 1999, the court entered an order finding all of the defendants in the foreclosure action in default. On December 23, 1999, plaintiff's counsel sent a notice of entry of default order to each defendant in the foreclosure action. On January 21, 2000, the court entered a default judgment of foreclosure for a monetary judgment in excess of $500,000 and ordered the property sold if the judgment was not paid.

On January 25, 2000, defendants filed an answer and a motion for leave to file answer *instanter*. Two days later plaintiff filed a motion to

strike the answer. On January 31, 2000, 10 days after the court entered the default judgment, defendants filed a motion to vacate it. Defendants sought an order vacating the default judgment, and they requested the court to allow them to file an answer to the pending complaint to raise meritorious defenses and to allow the case to go to trial on the merits. On February 4, 2000, plaintiff filed a response to the motion to vacate.

On February 14, 2000, the trial court held a hearing on the motion to vacate, denied the motion, and held that defendants failed to establish the existence of a meritorious defense and failed to provide a reasonable excuse for their delay in filing an answer. On April 17, 2000, defendants filed a motion for leave to file a late notice of appeal, which was allowed.

The issue in this case is whether the trial court applied the correct standard in determining whether to vacate a default judgment under section 2—1301(e) of the Code of Civil Procedure (735 ILCS 5/2—1301(e) (West 2000)). We conclude that it did not apply the correct standard, and we reverse and remand for a rehearing on the motion.

●1 More than one section of the Code of Civil Procedure applies to relief from a default judgment. Which section applies to a specific situation depends on the time at which such relief is requested. Section 2—1301(e) applies if relief from a default is sought within 30 days (735 ILCS 5/2—1301(e) (West 2000)), and section 2—1401 applies to motions filed more than 30 days after the entry of a final order or judgment (735 ILCS 5/2—1401 (West 2000)). The other difference between the two sections lies in what is required to be shown to obtain relief. In order to prevail on a motion to vacate under section 2—1401, the petitioner must show (1) the existence of a meritorious defense or claim, (2) due diligence in presenting that claim in the original action, and (3) due diligence in filing the petition to vacate. *In re Marriage of McGlothlin*, 312 Ill. App. 3d 1145, 1147, 729 N.E.2d 53, 55 (2000). However, satisfaction of these grounds is not mandatory under section 2—1301(e). *Stotlar Drug Co. v. Marlow*, 239 Ill. App. 3d 726, 728, 607 N.E.2d 346, 348 (1993). Defendants, in this case, filed their motion to vacate 10 days after the default judgment was entered by the trial court. Therefore, the motion falls under section 2—1301(e) of the Code of Civil Procedure, rather than section 2—1401.

●2 A default judgment has been recognized as a drastic action, and it should be used only as a last resort. *Widucus v. Southwestern Electric Cooperative, Inc.*, 26 Ill. App. 2d 102, 109, 167 N.E.2d 799, 803 (1960). Illinois courts have a history of being liberal with respect to vacating default judgments under section 2—1301(e). *Stotlar Drug Co.*, 239 Ill. App. 3d at 728, 607 N.E.2d at 348. The legislature specified that the

Civil Practice Act, now entitled the Code of Civil Procedure, should be liberally construed. *Widucus*, 26 Ill. App. 2d at 107, 167 N.E.2d at 802; 735 ILCS 5/1—106 (West 2000).

●3 In reviewing relevant case law, the court in *Venzor v. Carmen's Pizza Corp.* recognized that the appellate courts of Illinois have applied three different standards in reviewing section 2—1301(e) rulings. *Venzor v. Carmen's Pizza Corp.*, 235 Ill. App. 3d 1053, 1056-57, 602 N.E.2d 81, 83-84 (1992). First, some courts have looked only at whether the court abused its discretion. *Venzor*, 235 Ill. App. 3d at 1056, 602 N.E.2d at 83. An abuse of discretion occurs when a trial court acts arbitrarily or when its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted. *Venzor*, 235 Ill. App. 3d at 1059, 602 N.E.2d at 85. Second, some courts have focused solely on whether, under the circumstances of the case, substantial justice has been done between the parties. *Venzor*, 235 Ill. App. 3d at 1056, 602 N.E.2d at 83. Specifically, this includes examining the severity of the penalty on the defendant and the hardship on the plaintiff if required to proceed on the merits. *Venzor*, 235 Ill. App. 3d at 1057-58, 602 N.E.2d at 84. Third, some courts have combined these two standards, concluding that a court has abused its discretion when its ruling fails to promote substantial justice between the parties. *Venzor*, 235 Ill. App. 3d at 1056, 602 N.E.2d at 83-84.

●4 The court in *Venzor* followed the earlier holding of *People ex rel. Reid v. Adkins*, 48 Ill. 2d 402, 270 N.E.2d 841 (1971), which had changed the standard from only looking for an abuse of discretion. *Venzor*, 235 Ill. App. 3d at 1057, 602 N.E.2d at 84. The *Adkins* court stated, ''[t]he overriding consideration now is whether or not substantial justice is being done,'' and the court concluded that the trial court had abused its discretion in failing to set aside its order. *Adkins*, 48 Ill. 2d at 406, 407, 270 N.E.2d at 843, 844. We agree that, in this case, we must examine both whether substantial justice has been done and whether the trial court abused its discretion. The docket sheet entry appears to examine only whether defendants presented a meritorious defense and offered a reasonable excuse for the delay in filing the answer or the motion to vacate. This suggests that the trial court may have been considering the motion as one filed under section 2—1401, which of course it was not. Although the section 2—1401 factors may be useful in determining whether substantial justice is being done, they are not the sole matters to consider in a section 2—1301(e) motion, as they are in deciding a section 2—1401 motion. *Widucus*, 26 Ill. App. 2d at 109, 167 N.E.2d at 803. Therefore, we must reverse and remand for a rehearing on the motion to vacate so that the court can apply the section 2—1301(e) standard and consider whether substantial justice has been done between the parties.

Plaintiff argues that its rights must also be considered. See *Farm Credit Bank of St. Louis v. Schwarm*, 251 Ill. App. 3d 205, 622 N.E.2d 97 (1993). However, we conclude that the application of the correct standard satisfactorily considers plaintiff's rights by including the evaluation of the hardship imposed on plaintiff by proceeding to a trial on the merits. In addition, we note that section 2—1301(e) allows the trial court to establish whatever provisions it deems reasonable in setting aside the default judgment. This includes the imposition on defendants of plaintiff's costs and attorney fees incurred in obtaining the default judgment. This should resolve part of plaintiff's burden if the trial court finds that substantial justice can be had only if the case proceeds to a trial on the merits.

Defendants have raised the issue of a procedural defect in plaintiff's failure to follow the statutory procedure outlined in section 15—1506 of the Code of Civil Procedure (735 ILCS 5/15—1506 (West 2000)). Specifically, plaintiff failed to file a written motion for judgment and failed to give defendants notice of its intention to present the motion. Defendants contend that this "cloud" over the action is unfair. See *Bird v. Kostbade*, 52 Ill. App. 3d 741, 745, 367 N.E.2d 1058, 1061 (1977). Plaintiff argues that every required step was taken. We believe that it is unnecessary for us to decide this issue at the present time. On remand, the trial court can consider this issue in determining the section 2—1301(e) motion.

•5 Plaintiff has also argued that defendants failed to provide a sufficient record for appeal, specifically citing to our decision in *Schwarm* (*Schwarm*, 251 Ill. App. 3d at 208, 622 N.E.2d at 99). In *Schwarm*, we stated that where the defendant failed to provide a transcript of the hearing on the motion to vacate, the appellate court had to presume that the denial of the motion was in conformity with the law. *Schwarm*, 251 Ill. App. 3d at 211, 622 N.E.2d at 101. Here, as in *Schwarm*, defendants have not provided the court with a transcript of the hearing, but only the docket sheet. The docket sheet entry in *Schwarm* provided very limited information—only that the court denied the motion to vacate and the motion to modify and that both the defendant and the plaintiff's counsel were present at the hearing. *Schwarm*, 251 Ill. App. 3d at 211, 622 N.E.2d at 101. In the present case, however, we have specific findings of the trial judge that clearly indicate which standard was applied. The trial judge specified in the docket sheet entry that defendants showed no reasonable excuse and did not establish the existence of a meritorious defense. Therefore, we conclude that this is a satisfactory record on appeal.

For the foregoing reasons, we reverse the decision of the trial

court and remand for a rehearing on the motion to vacate the default judgment.

Reversed; cause remanded.

HOPKINS and RARICK, JJ., concur.