DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the January 9, 2002 judgment of the Fulton County Court of Common Pleas which denied appellants Paul R. Tinsler and Sandra K. Tinsler's motion to vacate a void judgment. Upon review, we affirm the decision of the trial court.
On April 20, 1998, appellee, Farm Credit Services of Mid America, ACA ("Farm Credit"), commenced a foreclosure action against appellants regarding multiple parcels of real property. On October 26, 1998, the trial court granted summary judgment in favor of Farm Credit. Thereafter, appellants, pro se, filed various motions attempting to obtain relief from judgment. Appellants did not, however, file an appeal of the judgment of foreclosure or subsequent final and appealable orders.
On October 4, 2001, appellants filed a "Petition/Motion to Vacate a Void Judgment" pursuant to Civ.R. 60(B)(5). In essence, appellants argued that Farm Credit failed to demonstrate that it was properly licensed in order to maintain a legal action in the state of Ohio. Conversely, appellants contended that Farm Credit failed to demonstrate that it was exempt from the licensing requirement.
Farm Credit opposed the motion, arguing that because Farm Credit is a corporation created by federal law, it is not required to file a certificate of authority as a foreign corporation. On January 9, 2002, the trial court denied appellants' motion and this appeal followed.
On appeal, appellants raise ten assignments of error. Upon review, we agree with the argument of Farm Credit that Assignments of Error Nos. One, Two, Three, Four, Five, Eight, Nine and Ten, in part, are not properly before this court. These assignments relate to matters that were not timely raised in the trial court and, thus, are not properly before us on appeal. Accordingly, Assignments of Error Nos. One, Two, Three, Four, Five, Eight, Nine and Ten, as to the "failure to state a claim for relief" portion, are not well-taken.
As to Assignments of Error Nos. Six and Seven, appellants claim that the trial court abused its discretion in not requiring that Farm Credit provide self-authenticating evidence that it was registered and licensed as a foreign entity and had the capacity to maintain an action in the trial court. Alternatively, appellants contend that the trial court erred in not requiring Farm Credit to provide evidence that it was exempt from the licensing requirement.
Farm Credit again argues that it is a federally funded corporation and is exempt from the licensing requirements. Farm Credit contends that it exists by virtue of 12 U.S.C. § 2000, et seq., which it set forth in its complaint.
Upon review of the arguments of the parties and statutory and case law, we find that appellants' arguments are unpersuasive. In Farm CreditBank of St. Louis v. Schwarm (Ill.App. 1993), 622 N.E.2d 97, Farm Credit brought a foreclosure action against a landowner. The court noted that such banks are "Federally chartered corporations and as such are not foreign corporations but have a legal existence in every State in which they may transact business pursuant to the authority conferred on them by Congress." (Citation omitted.) Id. at 100. Thus, the court held that Farm Credit was not required to obtain a certificate of authority to transact business in Illinois. Id. Accordingly, we find that appellants' sixth, seventh and part of their tenth, relating to subject matter jurisdiction, assignments of error are not well-taken.
On consideration whereof, we find that appellants were not prejudiced or prevented from having a fair proceeding, and the judgment of the Fulton County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.