MANNION MECHANICAL SERVICES, INC., Plaintiff-Appellant, v. STALLINGS & COMPANY, INC., Defendant-Appellee.

First District (5th Division) No. 1—88—2590

Opinion filed September 29, 1989.—Rehearing denied November 7, 1989.

Donald L. Johnson and Michael P. Fiflis, both of Chicago, for appellant.

Burke & Burke, Ltd., of Chicago (John M. Burke and Molly C. Mason, of counsel), for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiff Mannion Mechanical Services, Inc. (Mannion), appeals from an order of the circuit court of Cook County dismissing its complaint for monies allegedly due it from defendant Stallings & Company, Inc. (Stallings), pursuant to a written agreement requiring Stallings to pay Mannion royalties on sales of certain patented products. For the reasons set forth below, we reverse and remand the cause for further proceedings.

On January 1, 1979, Mannion was granted the exclusive license on various United States and Canadian patents. On the same day, it granted Stallings an exclusive license to manufacture, use and sell energy systems and system components under those patents. In return, Stallings agreed to pay Mannion royalties on all sales. One of Stallings' customers used the products in an installation known as the Hanil Development Job in Saudi Arabia.

On April 6, 1983, Mannion and other related parties filed an action in the Eighteenth Judicial Circuit, Du Page County, Illinois, for an accounting to recover royalties owed it on 11 jobs, including

the Hanil job, pursuant to the parties' patent license agreement. The court subsequently granted summary judgment on October 19, 1983, on the issue of liability in favor of Mannion and, on March 23, 1984, it also entered judgment on the issue of damages on the Hanil and non-Hanil jobs in Mannion's favor in the amount of $162,975 plus interest and costs.

Stallings filed an appeal in the Appellate Court, Second District, on the issue of the damages award (*Mannion I*), arguing that the trial court erred in awarding royalties with respect to the Hanil job, because the amount of royalties could not then be determined since its expenses could not be known before the installation was completed and the system successfully started up and, in fact, the uncontroverted testimony of its accountant and bookkeeper demonstrated that the job was incomplete as of January 24, 1984, the time of trial. Based on the foregoing, on April 30, 1985, the appellate court, in an unpublished Rule 23 order (see 107 Ill. 2d R. 23), held that the trial court's award of royalties on the Hanil project and two other jobs was "against the manifest weight of the evidence" and remanded the cause for a recalculation of the amount of royalties due Mannion on the *completed* jobs pursuant to a specific formula set forth in its opinion (*Mannion v. Stallings & Co.* (1985), 132 Ill. App. 3d 1163).

On remand, the Du Page County court considered further evidence concerning the status of the Hanil job. Specifically, it allowed Stallings to file an affirmative defense, alleging that royalties could not be awarded on the Hanil project until all of the expenses for the job were determined and that the total amount of expenses was uncertain because one of its former salesmen, Raymond Putzi, had filed a lawsuit alleging it owed him a commission on the project pursuant to an oral agreement. The court also considered a stipulation between the parties, which provided in pertinent part that (1) *if* the project was completed, Stallings would owe Mannion $67,211 in royalties, (2) Stallings owed Mannion $50,425.98 on the non-Hanil projects, (3) if Putzi was owed a commission on the Hanil project, Mannion's royalties would be reduced to $49,349.84, and (4) the trial court was to consider the evidence depositions of two men connected with the Hanil project in determining whether the project had been completed. Based on the foregoing, the trial court found, among other things, that the Hanil project had been completed by the end of 1983 and that Putzi's third-party claim should not be considered in computing the amount of royalties owed Mannion. It then entered judgment on June 26, 1986, in favor of Mannion for the Hanil and non-Hanil projects.

Stallings again appealed from the trial court's order (*Mannion II*), arguing among other things, that the court erred in finding the Hanil project completed and in holding that Putzi's claim should not be considered in calculating the amount of royalties owed Mannion. The *Mannion II* court did not decide the issues raised but held that the circuit court's jurisdiction on remand was limited to following its directions set forth in *Mannion I*. (See *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291 (upon remand of a cause of action, a trial court can take only such action which conforms to the judgment of the court of review and it has no authority to act beyond the dictates of the mandate).) Specifically, the court stated that pursuant to *Mannion I*, it intended that the trial court only apply the royalty formula approved by it in *Mannion I* to *completed* projects, that the trial court had no authority to consider additional evidence concerning the Hanil project, and that the trial court lacked jurisdiction to consider the issues of the completion of the Hanil project and Putzi's third-party claim. Accordingly, on June 30, 1987, the *Mannion II* court reversed the trial court's findings on the issues of the completion of the Hanil project, Putzi's third-party claim, and repayment of a loan made by Stallings to Mannion. The court further reversed the portion of the trial court's award representing royalties on the Hanil project and ordered that the court set off the $10,000 loan Mannion had received from Stallings against its award of $50,425.98 in royalties on the non-Hanil projects and enter judgment in the sum of the balance for Mannion.

On December 18, 1987, Mannion filed another action in the circuit court of Cook County seeking royalties due on the Hanil project, alleging the job "was completed in 1983." Stallings filed a motion to dismiss Mannion's complaint pursuant to section 2—619(4) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(4)), contending that the action was barred on the basis of *res judicata*. On July 18, 1988, the trial court granted the motion to dismiss, finding that Mannion's cause of action was identical to the one filed by it in Du Page County in 1983. The court also advised Mannion that it would entertain a motion to vacate the dismissal and allow Mannion to replead as long as any amended complaint alleged that the Hanil job was completed after January 24, 1984. Mannion did not elect to pursue this remedy and instead filed the instant appeal.

Mannion argues that since conditions precedent to a determination of its damages on the Hanil job had not yet occurred in the prior litigation (*i.e.*, it was not completed), the trial court erred in applying the doctrine of *res judicata* in dismissing its complaint.

Stallings, besides arguing that *Mannion I* is *res judicata* of the present case, also appears to contend that since *Mannion I* found that no royalties were due Mannion in 1983 on the Hanil job and it reversed the trial court's award therefor and ordered a recalculation excluding the amounts for the Hanil job and two other jobs which had not been completed, the court in effect also reversed the trial court's determination of its liability for the Hanil project, forever barring Mannion from receiving royalties on that project since Mannion did not appeal the decision or seek a clarification of it.

 █ It is well settled that "[u]nder the doctrine of *res judicata*, a final judgment rendered by a court of competent jurisdiction *on the merits* is conclusive as to the rights of the parties and their privies, and that judgment is an absolute bar to subsequent actions involving the *same claims or demands* by the same parties or their privies." (Emphasis added.) (*Catlett v. Novak* (1987), 116 Ill. 2d 63, 67.) The burden of showing that the doctrine bars an action is upon the party seeking to invoke it. In determining what issues a court passed upon, a reviewing court must not look to the opinion rendered but must consider the judgment actually entered in reference to the issues presented for decision. *People ex rel. Scott v. Chicago Park District* (1976), 66 Ill. 2d 65.

 In the instant case, we find that Stallings failed to meet its burden. We first observe that the focus of Stallings' *res judicata* argument is based on its contention that Mannion alleged in its complaint that the Hanil job *was completed in 1983* and that this allegation is identical to the one alleged in its Du Page County complaint for an accounting. However, Mannion's Du Page County complaint in fact contains no such allegation; it only states that it terminated its agreement with Stallings by notice on January 1, 1983. At the most, based on the nature of a suit for an accounting, Mannion was seeking royalties up to the time it terminated its agreement, the end of 1982. (Because the record before us does not contain transcripts of the proceedings in the trial court, we do not know whether Mannion made such an allegation at trial.)

Similarly, in *Mannion I*, the court mentions no such specific allegation by Mannion in its opinion relative to its finding that royalties were erroneously awarded for the Hanil job and two others. Specifically, that court stated:

> "At trial [January 24, 1984], both Mance and Dean [Stallings' accountant and bookkeeper] testified that the royalties for the Hanil job could not then be determined because the defendant's [Stallings'] expenses could not be known before

the installation was completed and the system successfully started up. They also testified that the royalties on the two Johnson Control jobs could not be determined because the defendant had not received final payment on either of those jobs. The plaintiff [Mannion] did not dispute this testimony. We hold, therefore, that the trial court's award of royalties on these three jobs was against the manifest weight of the evidence."

Actually, the 1983 completion date appears to have arisen for the first time upon remand of the case to the Du Page County trial court during which the parties stipulated that the trial court determine whether the Hanil job had been completed based on the evidence depositions of two men connected with the job. It was the trial court, and not any allegation made by Mannion in its original complaint, that stated the job was completed by the end of 1983.

Moreover, while it is true that the parties involved are the same, Mannion's claim is only partially the same. In its complaint, Mannion states: *"The Hanil Development Job has been completed. In fact, it was completed in 1983."* (Emphasis added.) Although clearly *Mannion I* is *res judicata* of Mannion's allegation that the job was completed *in 1983*, based upon the uncontroverted testimony of Stallings' bookkeeper and accountant that the job was not complete at the time of trial on January 24, 1984, *Mannion I* is not *res judicata* of Mannion's allegation that the job *has been completed*. The actual date of completion is only one aspect of Mannion's "completion allegation," which must be proved. We therefore find that Mannion's statement that the job has been completed sufficiently states an issue different from the one addressed in *Mannion I*, notwithstanding its incorrect statement that the job was completed in 1983, and that that statement does not require that the date of completion be set out with specificity, since the date of completion automatically must be ·after 1983 pursuant to the law of the case in *Mannion I* finding that it was not completed at the time of the original trial on January 24, 1984. We also hold that *Mannion II* is not *res judicata* of Mannion's completion allegation since the court there did not consider the Hanil issue but merely held that the trial court lacked jurisdiction to consider additional evidence concerning the Hanil job because such action was beyond the scope of *Mannion I*'s sole mandate to recalculate the amount of damages due Mannion, excluding the Hanil job and two others.

Nor were the *Mannion I* and *Mannion II* judgments rendered on the merits of Mannion's completion allegation. As previously dis-

cussed, the *Mannion I* judgment denying royalties on the Hanil job was based on its finding that the job *had not been completed* at the time of suit, and *Mannion II* simply did not even address the issue. We further observe that *Mannion I* did not hold that royalties were not owed for the Hanil job; the court in effect merely found that the damages portion of Mannion's Hanil claim under the patent license agreement was not ripe for judgment because Mannion failed to prove that it was damaged at the time of suit. *Res judicata* only applies to the facts and conditions as they existed when the judgment was entered. When conditions change, establishing a new basis for a party's claims and defenses, the issues are no longer the same and the prior judgment cannot be pleaded as a bar in a subsequent action. (*Northern Illinois Medical Center v. Home State Bank* (1985), 136 Ill. App. 3d 129.) In the instant case, clearly *Mannion I* only passed on the issue of whether royalties were owed on the Hanil job at the time of suit; it did not pass on the issue of what royalties would be due once the job had been completed. The fact that Mannion alleged the job was completed in 1983 and that that issue is barred by *Mannion I*'s determination to the contrary does not cancel out Mannion's additional allegation that the job has now been completed, which is a changed condition and, therefore, a different claim than the one addressed by the court in *Mannion I. Mannion I* therefore is not *res judicata* of this changed condition.

We briefly note that in any event we find Stallings' argument without merit that Mannion is forever barred from recovering royalties from the Hanil project because "it had its day in court" and failed to prove its damages based on *Mannion I*'s finding that the job was incomplete at the time of trial. We first observe that *Mannion I* did not reverse the trial court's judgment with respect to Stallings' liability to Mannion under the patent license agreement for the Hanil job and, in fact, Stallings appealed only from the amount of the award of damages and not its liability. Accordingly, the court's order finding liability is actually *res judicata* of Stallings' argument that Mannion is forever barred from recovering royalties on the Hanil job. Secondly, we note that notwithstanding the fact that the Du Page County court on remand of the case lacked jurisdiction to hear additional evidence relative to completion of the Hanil job and other issues, Stallings nonetheless stipulated/admitted in that court that it would owe Mannion royalties *if the job was completed.* Mannion alleges in its complaint at issue here that the job has been completed, a condition that did not exist at the time of trial of its first action, and therefore, after it establishes exactly when the job was

completed, it will be entitled to royalties pursuant to the formula set forth in *Mannion I*.

In summary, we hold that neither *Mannion I* nor *Mannion II* decided the merits of Mannion's claim for royalties based on completion of the Hanil job and therefore the trial court erred in applying the doctrine of *res judicata* in dismissing Mannion's complaint. Accordingly, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

PINCHAM and COCCIA, JJ., concur.