SCOTT G. SCHUTTLER, Plaintiff-Appellant, v. EUGENE H. RUARK *et al.*, Defendants-Appellees.

Second District   No. 2—91—0419

Opinion filed March 4, 1992.

Roger A. Ritzman, of Peregrine, Stime, Newman, Ritzman & Bruckner, Ltd., of Wheaton, and Linda A. Bryceland, of David A. Novoselsky & Associates, of Chicago (David A. Novoselsky, of counsel), for appellant.

Huck, Bouma, Martin, Charlton & Zellner, P.C., of Glen Ellyn (James M. Huck, Jr., of counsel), for appellees Eugene H. Ruark and Joseph Butler.

Marvin S. Berz and Nathan N. Kessler, both of Chicago, and Vescelus, Powell & Stock, of Wheaton (Kevin W. Bloese, of counsel), for appellees Joan Schuttler Hebson, Richard Raymond Hebson, and Kathy M. Mottl.

David P. Schippers and Jonathan B. Gilbert, both of Schippers & Gilbert, Chartered, of Chicago (Paul J. Bargiel, of counsel), for appellee Petrice S. Miller.

W. Thomas Powell, of Vescelus, Powell & Stock, of Wheaton, guardian *ad litem.*

JUSTICE NICKELS delivered the opinion of the court:

Plaintiff, Scott Schuttler (Scott), appeals the circuit court's dismissal of his complaint seeking a declaration of his right to receive income as the "lawful issue" of his adoptive father, Ballard Schuttler, under the testamentary and *inter vivos* trusts of Ballard's grandfather, Peter Schuttler III. Scott asserted that the September 1989 amendment of the Instruments Regarding Adopted Children Act (Ill. Rev. Stat. 1989, ch. 40, par. 1652) (hereinafter the amendment) created new substantive rights for adopteds and was applicable to income distributed pursuant to the trusts after that date. The trial court found that our final adjudication of Scott's rights prior to September 30, 1989 (*Fischer v. LaFave* (1989), 188 Ill. App. 3d 16), barred his claim based on the doctrines of *res judicata* and collateral

estoppel, that the amendment did not apply to such prior adjudication, that Peter Schuttler III did not intend to include Scott within the class designated "lawful issue," and that application of the amendment to include Scott in the class of Peter Schuttler III's "lawful issue" would unconstitutionally impair the vested rights of the members of that class. Scott appeals, asserting that: (1) the doctrines of *res judicata* and collateral estoppel do not apply because the passage of the amendment created new facts rendering this a new and different claim; (2) the amendment is applicable to this proceeding for income distributed after September 30, 1989; (3) the prior adjudication created no vested rights in the class designated "lawful issue"; and (4) the trial court erred in finding the testator intended to exclude Scott from such class. In response, defendants, the trustees and guardian *ad litem*, further assert that Scott, who was 18 years old and not a "child" at the time of his adoption, is not within the amendment. Scott's claim is limited to Ballard's share of the income of the trusts, but, notably, he makes no similar claim as to the eventual distribution of the corpus of the trusts at this time.

In 1940 and 1941, respectively, Peter Schuttler III (testator) executed both a trust indenture and a codicil to his 1939 will, each of which provided for the creation of a trust with essentially identical provisions. Each trust provided a share of the income of the trust for the benefit of the testator's three grandchildren, Peter V (Peter), Ballard, and Joan and "to their lawful issue them surviving, share and share alike, per stirpes and not per capita." Upon the deaths of the testator's wife and son, who were the beneficiaries of the other shares of the trusts, the three grandchildren would receive the entire income of each of the trusts. Both trusts were to terminate 20 years after the death of the last surviving grandchild, with the principal and any accrued undistributed income of the testamentary trust distributed to the "lawful issue" of the grandchildren. The similar proceeds of the *inter vivos* trust were also to be distributed to the "lawful issue" of the grandchildren, but with the added provision that in default of such issue, the proceeds of the *inter vivos* trust would be paid to "the heirs-at-law of the Settlor *** as determined by the laws of Illinois in effect at the date of such distribution."

The testator died in May 1941, and both his wife and son died prior to 1986. Ballard died August 20, 1986, and was survived by his adopted son, Scott, whose natural father's refusal to consent had prevented Ballard's adoption of Scott until Scott's majority. Peter also died sometime prior to August 20, 1986, and was survived by his two

natural daughters. At the time of this proceeding, Joan was the only living grandchild of the testator.

After his adoptive father's death in 1986, Scott requested that the trustees pay Ballard's share of the income of the trusts to Scott, and the trustees filed a petition to determine whether Scott was the "lawful issue" of Ballard and, therefore, entitled to receive Ballard's portion of the income of the trusts. The circuit court found that Scott as an adopted child was not Ballard's "lawful issue" as that term was used in the testator's will and the trust indenture and that there was no language in either instrument by which the testator indicated a contrary intent. On August 30, 1989, this court affirmed. (*Fischer*, 188 Ill. App. 3d 16.) On September 6, 1989, the legislature passed the amendment, which provides:

> "After September 30, 1989, a child adopted at any time before or after that date is deemed a child born to the adopting parent for the purpose of determining the property rights of any person under any instrument executed before September 1, 1955, unless ***
>
> *** [t]he intent to exclude such child is demonstrated *** by clear and convincing evidence." (Ill. Rev. Stat. 1989, ch. 40, par. 1652(b)(1).)

Scott's petition for reconsideration and for leave to appeal to the Illinois Supreme Court was subsequently denied.

On June 13, 1990, Scott filed the present action seeking a declaration that the amendment created and conferred on him a substantive right to share in the distributions of income that were or will be paid after September 30, 1989. The circuit court granted the motion of defendants to dismiss Scott's complaint. This appeal followed.

■ We first consider Scott's assertion that the amendment created and conferred new rights on adopteds, which is a new fact rendering his present claim different from that considered in the prior litigation and, therefore, not subject to the bar of either *res judicata* or collateral estoppel. The doctrines of *res judicata* and collateral estoppel bar a party from relitigating an issue that has been finally determined by a court of competent jurisdiction. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251.) *Res judicata* differs from collateral estoppel in that *res judicata* applies to the same parties, or those claiming through them, concerning the same claims or demands or those that could have been raised. (*Britt v. Federal Land Bank Association* (1987), 153 Ill. App. 3d 605, 609; *Toepper v. Cooker* (1986), 150 Ill. App. 3d 206, 208.) In contrast, collateral estoppel arises when a party or someone in privity with a party participates in separate,

consecutive causes of action that share a common controlling question of fact. (*Buttitta v. Newell* (1988), 176 Ill. App. 3d 880, 882.) A final judgment as to such question of fact in one cause is dispositive of the same factual question in the other cause. (*Buttitta*, 176 Ill. App. 3d at 882.) However, neither *res judicata* nor collateral estoppel applies if the claim asserted is based on a new fact or condition, which changes the basis of the claim. (*Northern Illinois Medical Center v. Home State Bank* (1985), 136 Ill. App. 3d 129; *Deke v. Huenkemeier* (1919), 289 Ill. 148.) Thus, Scott's claim depends entirely on whether the amendment created and conferred new substantive rights on adopted children because, absent such right, no new fact exists that changes the basis of his claim.

In construing a statute, a court must ascertain and give effect to the legislature's intent in enacting the statute. (*Kirwan v. Welch* (1989), 133 Ill. 2d 163, 165.) A court must also consider, however, the reason and necessity for the law, the evil to be remedied, and the object to be obtained by the statute. (*City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268* (1988), 122 Ill. 2d 353, 364.) A statute capable of two interpretations should be given that which is reasonable and which will not produce absurd, unjust or unreasonable results that the legislature could not have intended. (*Mulligan v. Joliet Regional Port District* (1988), 123 Ill. 2d 303, 312-13; *People v. Williams* (1987), 119 Ill. 2d 24, 28.) Finally, an interpretation that renders a statute valid is always presumed to have been intended by the legislature (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 363), and a court is obliged to construe a statute to affirm its constitutionality. (*Mulligan*, 123 Ill. 2d at 312; *Williams*, 119 Ill. 2d at 28.) With the guidance of these fundamental rules of statutory construction, we now turn to the amendment.

Prior to the enactment of the amendment, adopted children were presumed not to be natural children for purposes of determining property rights under documents drafted before 1955 (Ill. Rev. Stat. 1941, ch. 3, par. 165; *Ford v. Newman* (1979), 77 Ill. 2d 335, 340) and to be natural children under documents drafted after that date (Ill. Rev. Stat. 1989, ch. 40, par. 1652). However, both presumptions were rebuttable upon a showing of contrary intent. (*Ford*, 77 Ill. 2d at 340; Ill. Rev. Stat. 1989, ch. 40, par. 1652.) The legislature recognized the confusion and inconsistency created by such differing treatment in enacting the amendment in 1989. In discussing the amendment, Senator Berman, the amendment's sponsor, stated:

"[The amendment] deals with several Appellate Court cases regarding the rights of adopted children to take—pursuant to wills and trusts executed prior to September 1, 1955. The law in Illinois, as everyone previously understood before these court cases, was that adopted children would not inherit under such instruments unless the contrary attempt appeared on the document itself. Two recent Appellate Court decisions have called this widely accepted presumption into question. [The amendment] eliminates the resulting confusion by allowing adopted children to inherit under such documents in certain circumstances." 86th Ill. Gen. Assem., Senate Proceedings, June 26, 1989, at 112-13.

The amendment altered the presumption to one that now consistently applies to all documents, irrespective of the date such documents were drafted. However, the current presumption that an adopted child is a natural child remains subject to rebuttal upon a showing of contrary intent of the testator by clear and convincing evidence. Ill. Rev. Stat. 1989, ch. 40, par. 1652(b)(1).

A presumption arises as a legal conclusion from the facts proved; it is an inference which common sense draws from the known course of events. (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 517.) When a presumption ceases to conform to this definition, it no longer applies. (*Bullard*, 102 Ill. 2d at 517.) Thus in this instance, the legislature recognized that the former presumption that a testator intended to exclude an adopted child no longer had validity in today's society. The amendment corrected the presumption so that it now conforms to the inference that common sense dictates be drawn from the course of events that culminates in an adoption, which is that an adopted child was intended to be treated no different than a natural child.

However, a presumption is a procedural rule that dictates the effect of the absence of evidence. (*Franciscan Sisters Health Care Corp. v. Dean* (1983), 95 Ill. 2d 452, 460-62; *Diederich v. Walters* (1976), 65 Ill. 2d 95, 100-03.) "Burden of proof" refers not only to the burden of persuasion, which is convincing the trier of fact, but to the burden of production, which is presenting sufficient evidence to establish a *prima facie* claim. (*Franciscan Sisters Health Care Corp.*, 95 Ill. 2d at 462.) A presumption does not shift the burden of proof, but rather shifts only the burden of production. (*Franciscan Sisters Health Care Corp.*, 95 Ill. 2d at 460-62.) Thus, a statutory presumption is a rule of evidence.

Rules of evidence, discovery, and privilege are procedural rules. (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 364.) No one has a

right in any particular procedure. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 391; *Board of Managers of Dominion Plaza One Condominium Association No. 1-A v. Chase Manhattan Bank, N.A.* (1983), 116 Ill. App. 3d 690, 693-94.) Therefore, because the presumption in favor of including adopteds under all documents without regard to the drafting date is a procedural rule of evidence, the amendment did not create or confer any substantive rights.

In this instance, the circuit court correctly determined that the amendment, which corrected the outdated presumption of exclusion of adopteds, did not create or confer a substantive right on Scott as the testator's adopted great-grandson. Thus, no new fact existed to prevent the application of the doctrines of *res judicata* and collateral estoppel. In light of our disposition of this issue, we need not reach the other allegations raised by either Scott or the trustees and guardian *ad litem*.

For the reasons set forth above, the judgment of the circuit court of Du Page County dismissing Scott's complaint is affirmed.

Affirmed.

McLAREN and GEIGER, JJ., concur.