**OLD REPUBLIC INSURANCE COMPANY, Plaintiff,**

v.

**CHUHAK & TECSON, P.C., et al., Defendants.**

**No. 95 C 4941.**

United States District Court, N.D. Illinois, Eastern Division.

Nov. 2, 1995.

See also 906 F.Supp. 1177.

Steven D. Pearson and Anne L. Blume, Bates, Meckler, Bulger & Tilson, Chicago, IL, for Plaintiff.

Alan R. Dolinko and Thomas W. Hargrove, Chuhak & Tecson, P.C., Chicago, IL, for Chuhak & Tecson, P.C. and Edwin I. Josephson.

Lawrence R. Kream, Jeffrey M. Goldberg & Associates, Chicago, IL, for Michael Kearns.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Old Republic Insurance Company ("Old Republic") has filed a declaratory judgment action against Chuhak & Tecson, P.C. ("Chuhak Firm"), one of its partners Edwin Josephson ("Josephson") and Josephson's one-time client Michael Kearns ("Kearns"). Old Republic asks this Court to determine that it has no obligation under its Lawyers Professional Liability Insurance Policy No. CUG23235 (the "Policy")—a policy that it issued to provide Chuhak Firm and its partners with legal malpractice coverage—either to defend or to indemnify Josephson against the claims that Kearns has made against

Josephson in Circuit Court of Cook County Case No. 95 L 8773 ("1995 Kearns Action").

Chuhak Firm and Josephson have filed an Answer and Counterclaim, which they followed by filing an alternative motion for judgment on the pleadings or summary judgment, while Kearns has filed an Answer followed by an adoption of the Chuhak Firm–Josephson motion. Old Republic has responded to those motions, and it is plain that the scheduled defendants' replies (which are due November 8) are not required for resolution of the issues. For the reasons stated in this memorandum opinion and order, this Court determines that Old Republic *is* obligated to defend Josephson in the 1995 Kearns Action.[1]

 This matter has been complicated by a prior lawsuit between the parties, stemming from an earlier Complaint brought by Kearns against virtually identical defendants (including Josephson) in Circuit Court of Cook County Case No. 91 L 8429 ("1991 Kearns Action"). As to that 1991 lawsuit, this Court's colleague Honorable Charles Norgle granted summary judgment for Old Republic in this District Court's Case No. 93 C 4407, holding there that Old Republic did not have a duty to defend Josephson because under the allegations of the 1991 Kearns Action Josephson was not an insured under the Policy.[2] That, says Old Republic, bars this action under principles of claim preclusion.[3]

Old Republic is simply wrong. It is of course conventional wisdom that claim preclusion cannot bar future litigation between litigants that is based in part or whole on facts that arise after the earlier litigation between them. For recent examples under Illinois law, which both parties have treated as providing the rules of decision here, see such cases as *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill.2d 484, 490–93, 193 Ill.Dec. 192, 195–96, 626 N.E.2d 225, 228–29 (1993), *Mannion Mechanical Serv., Inc. v. Stallings & Co.*, 189 Ill.App.3d 1097, 1103, 137 Ill.Dec. 195, 199, 545 N.E.2d 956, 960 (1st Dist.1989) and cases cited in both.[4] And in this instance the 1995 Kearns Action, which forms the gravamen for Josephson's current demand to be defended, includes some critical (and in this case outcome-determinative) allegations that Kearns did *not* make in his 1991 Complaint on which Judge Norgle based his decision. Hence the decision by Judge Norgle negating Old Republic's obligation to defend the 1991 Kearns Action cannot have preclusive effect here—there is no reason that Old Republic could not be excused from that quite different obligation to defend (assuming for this purpose that our Court of Appeals upholds Judge Norgle's decision) while it still remains duty-bound to defend Kearns' present (and materially different) 1995 lawsuit.

It is of course true that the conduct on Josephson's part that Kearns complained about in his 1991 lawsuit is the same in generic terms as the type of conduct that Kearns complains about in his new 1995 Complaint: Josephson is charged with having missed a statute of limitations for the

---

1. Because Josephson's possible liability in the 1995 Kearns Action may or may not come within the terms of the Policy, both Old Republic's prayer for a declaration of noncoverage in terms of indemnification and the Chuhak Firm–Josephson Answer seeking such indemnification are denied, but obviously without prejudice to their potential future assertion by either party.

2. That decision has been appealed to the Seventh Circuit, and the appeal is now pending.

3. Old Republic Mem. 10–14 uses the older term "res judicata" to describe its contention. That usage provides a good illustration of why this Court prefers the more precise terms of "claim preclusion" and "issue preclusion"—see *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). In the past (and indeed even today) many courts have employed the label "res judicata" to cover *both* claim preclusion and issue preclusion, even though it can also be used as a narrower term in contrast to "collateral estoppel" (which is more precisely termed issue preclusion). That possible ambiguity is avoided by the use of the two "preclusion" terms.

4. *Schuttler v. Ruark*, 225 Ill.App.3d 678, 683, 167 Ill.Dec. 837, 839, 588 N.E.2d 478, 480 (2d Dist. 1992) also states the principle succinctly:

> [N]either *res judicata* nor collateral estoppel applies if the claim asserted is based upon a new fact or condition, which changes the basis of the claim.

And see the other cases cited there for that proposition.

assertion of Kearns' personal injury claim arising out of an August 6, 1986 injury while Kearns was working as a carpenter (he fell off a roof under construction). And Kearns still asserts in his 1995 Complaint, as he did in his now-superseded 1991 Complaint, that he retained Josephson (who had originally been a partner in the law firm of Mass, Miller & Josephson) as his lawyer to handle his case. But what Kearns now alleges, as he did not in his 1991 Complaint on which Judge Norgle ruled, is that the applicable statute of limitations may have been a four-year statute expiring on August 6, 1990 (1995 Kearns Complaint ¶ 38), rather than the two-year personal injury statute that would have expired on August 6, 1988. And what Kearns further now alleges, as the 1991 Complaint ruled upon by Judge Norgle did not, is that after the Mass, Miller & Josephson firm ceased to operate in 1989 (1995 Complaint ¶ 39) Josephson became associated with Chuhak Firm (*id.* ¶ 41) and:

> 42. That after his association with the firm of Chuhak & Tecson, defendant, Edwin Josephson, committed the acts or omissions described in this complaint as an agent and/or employee of the firm of Chuhak & Tecson.

> 43. That at the time the alternative statute of limitations expired on August 6, 1990, Defendant, Edwin Josephson, was an agent and/or employee of Chuhak & Tecson.

> 44. That no lawsuit was filed by Edwin Josephson on behalf of the Plaintiff at any time prior to the expiration of the applicable statute of limitations.[5]

So much, then, for the background against which the parties dispute. How does that impact on Old Republic's duty, or lack of duty, to defend Josephson against Kearns' new 1995 lawsuit? In that respect there are several potentially relevant provisions in the Policy. Chuhak Firm and Josephson point to its Section 3(e) definition of "INSURED," which reads in relevant part:

> (1) the NAMED INSURED [Chuhak Firm] and any PREDECESSOR FIRM;

> (2) any person or professional corporation who is or becomes a partner, officer, director or employee of the NAMED INSURED but solely while performing PROFESSIONAL SERVICES in connection with the NAMED INSURED'S practice of law.

For its part, Old Republic seeks to invoke Policy Sections 4(e) and (f), which exclude from coverage:

> (e) any CLAIM made by, against or arising out of the conduct of any organization (other than the NAMED INSURED or a PREDECESSOR FIRM) which is owned, controlled, managed or operated by an INSURED or in which an INSURED is a partner or employee;

> (f) any CLAIM arising out of an INSURED'S activities and/or capacity as:

> > (1) an officer, director, partner, trustee, member or employee of any organization (other than the NAMED INSURED or a PREDECESSOR FIRM).

In response to the Chuhak Firm–Josephson position, Old Republic first says that Policy Section 3(e)(2) does not cover Joseph-

---

5. [Footnote by this Court] Old Republic Mem. 15–16 seeks to make much of the fact that Kearns' 1995 Complaint ¶¶ 8 and 9 repeat these allegations that had been (in essentially similar form) set out in his 1991 Complaint ¶ 10:

> 8. That at all times pertinent hereto, Defendant, Edwin I. Josephson was an agent and/or employee of the firm of Mass, Miller & Josephson, a professional corporation.

> 9. That at all times pertinent hereto, Defendant, Edwin I. Josephson was acting within the course and scope of his responsibilities as an employee of the firm of Mass, Miller & Josephson, a professional corporation.

But those generalized assertions (which accurately refer to the situation as it was while Josephson's former law firm continued to exist)

cannot somehow trump the specific allegations of Kearns' 1995 Complaint ¶¶ 39 to 44. Like other jurisdictions, Illinois obligates an insurer to accept a tendered defense if the underlying complaint contains any facts that are even potentially within policy coverage (see the seminal decision in *Thornton v. Paul*, 74 Ill.2d 132, 144, 23 Ill. Dec. 541, 545, 384 N.E.2d 335, 339 (1979); and see, e.g., the per curiam decision in *Tews Funeral Home, Inc. v. Ohio Casualty Ins. Co.*, 832 F.2d 1037 (7th Cir.1987), adopting the opinion of this Court's colleague Honorable John Grady, including the proposition under Illinois law that an insurer must provide a defense against an entire complaint even if only one of many grounds for recovery is potentially covered by the policy (*id.* at 1042)).

son as an additional insured, so as to require its defense of the 1995 Kearns Action. Why? Because Old Republic urges that Josephson did not represent Kearns "in connection with" Chuhak Firm's practice of law.

But that contention (like Old Republic's other arguments) is the product of muddied thinking. For present purposes it must be accepted under the teaching of *Thornton, Tews Funeral Home* and like cases that, as Kearns now alleges, a four-year statute of limitations and not a two-year statute of limitations made Kearns' claim still viable well into 1990, when Josephson was already a partner in Chuhak Firm. And Josephson then still had the opportunity, as Kearns' lawyer, to bring suit. Josephson's alleged professional omissions in the year *1990* were in law the omissions of Chuhak Firm, for at that time his rendition of legal services was necessarily "in connection with" Chuhak Firm's practice. Chuhak Firm–Josephson Answer ¶ 12, which has been incorporated by reference into their Counterclaim, states:

> Chuhak & Tecson and Josephson admit the allegations contained in paragraph 12 and state that since March 7, 1989 Josephson has practiced law only as a partner of Chuhak & Tecson, and not with any other firm, nor has Josephson had a side practice at any time relevant to this matter.

And that statement stands uncontroverted in this action. Earlier Old Republic sought to strike the Chuhak Firm–Josephson Counterclaim and then, after that motion proved unsuccessful, on November 1 it filed its Amended Answer to Counterclaim, incorporating by reference its own Amended Complaint and thus admitting the Answer ¶ 12 allegation.[6]

One more related example of Old Republic's false logic bears mention here. Its Mem. 12–14 seeks to emphasize the claimed identity of the "transaction" involved in the 1991 Kearns Action and in the 1995 Kearns Action. But in doing so Old Republic wrongly describes the "transaction" as Josephson's alleged legal malpractice in general terms, glossing over the critical fact that the alleged malpractice that was charged in the 1991 Kearns Action—and on which Judge Norgle based his ruling in the 1993 action between the litigants here—was Josephson's failure to have filed suit before the limitations clock allegedly ran out in August 1988 (when Josephson was a partner in the other law firm), whereas the alleged malpractice for which Josephson and Chuhak Firm now seek a defense in the 1995 Kearns Action was Josephson's failure to have filed suit before the limitations clock allegedly ran out in August 1990 (well after Josephson had become a partner in Chuhak Firm). Hence Judge Norgle's decision that Old Republic need not defend the 1991 Kearns Action cannot possibly be claim-preclusive as to Old Republic's obligation or lack of obligation to defend against the newly-advanced claim in the 1995 Kearns Action.[7]

■ Because Old Republic has posed the wrong legal question, it has proposed the

---

6. In that respect, even before the filing of the Counterclaim Old Republic's own Complaint ¶ 12 had alleged on information and belief that Josephson joined Chuhak Firm on March 7, 1989. That is the allegation that was answered in the manner just quoted in the text and that is thus established for purposes of this case.

7. It should be noted parenthetically that before Kearns dismissed his 1991 lawsuit and filed the new one in 1995, he sought to file a Third Amended Complaint in the earlier action to advance the new alternative statute of limitations theory. But when Chuhak Firm and Josephson then attempted to bring that matter before Judge Norgle, he was confronted with the original set of allegations in the declaratory judgment action before him, under which there was no linkup between the Kearns representation and Chuhak Firm (as contrasted with Kearns being represented by Josephson individually). That being the

case, Judge Norgle focused only on Kearns' First Amended Complaint, which had contained no allegation of malpractice beyond Josephson's failure to have filed suit in 1988 (before he joined Old Republic's insured, the Chuhak Firm). Accordingly Judge Norgle persisted in his prior ruling that Old Republic had no obligation to defend the 1991 Kearns Action, and he denied as moot Old Republic's motion to dismiss the Chuhak Firm–Josephson proposed counterclaim that would have raised the new limitations issue. That drives another nail into the coffin of Old Republic's current claim preclusion argument, for it cannot urge that an issue that was expressly rejected by the earlier court (Judge Norgle) comes within the scope of the claim preclusion doctrine (see Judge Norgle's brief opinions of May 13, 1994 and September 30, 1994 in the 1993 district court litigation).

wrong legal answer. Chuhak Firm and Josephson are *not* seeking to relitigate the dispute that was decided by Judge Norgle, but are rather attempting to require Old Republic to defend against a new 1995 Complaint that seeks to tag Josephson with liability for professional malpractice commitment while he was a partner in Chuhak Firm. No application of claim preclusion principles is called for in that situation. And the same distinction between the 1995 Kearns Action and the 1991 Kearns Action that had been at issue before Judge Norgle extends the Policy's coverage to Josephson as an additional insured.[8]

### Conclusion

Accordingly, this Court declares, as stated at the outset of this opinion, that Old Republic must defend Josephson in the 1995 Kearns Action (at least until such time as Kearns' claim that is potentially covered by the Policy may no longer be at issue in that action). As stated earlier, it is too early to determine whether Old Republic will be obligated to indemnify Josephson against any liability that may be adjudicated in the 1995 Kearns Action. That aspect of the respective prayers in the Complaint and Answer is denied without prejudice to the potential future assertion of like contentions by either party. And with these declarations having been made, counsel for the parties should be prepared at Old Republic's scheduled motion presentment date on November 7 to discuss the resolution of the Chuhak Firm–Josephson Counterclaim.[9]

See also, 906 F.Supp. 1173.

---

8. Old Republic attempts as a last gasp to argue that a fee-splitting arrangement between Josephson and another lawyer (Kenneth Fleischer) made the two of them *"ad hoc* partners" with respect to the subject matter of that agreement" (Mem. 20), so as to bring Kearns' malpractice claim within the earlier-quoted exclusions of Policy Sections 4(e) and 4(f). But that argument, though perhaps it deserves minimal marks for being creative, is specious at best. It is regrettably all too typical of the hypertechnical but meritless contentions, advanced to squirm out of policy coverage, that put some insurers in bad odor. It cannot override the allegations of 1995 Complaint ¶ 42 that Josephson "committed the

acts or omissions described in this complaint as an agent and/or employee of the firm of Chuhak & Tecson."

9. As the discussion in this opinion has made evident, this Court has found no need to delve into the history of the litigation before Judge Norgle that Chuhak Firm and Josephson tendered as a bulky Appendix—a proffer that Old Republic found objectionable. All of the materials required for this decision were matters of record, either in the parties' pleadings or in court proceedings of which this Court could take judicial notice.